UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                 Case No. 25-cv-0983-bbc

KERRY KUFFENKAN et al.,

                Defendants.

---

## DECISION AND ORDER

---

Demetrius Cooper is incarcerated at Waupun Correctional Institution and representing himself in this 42 U.S.C. §1983 case. He is proceeding on claims in connection with the care he received following gallbladder surgery. On August 25, 2025, the Court granted the State Defendants' motion for partial summary judgment on exhaustion grounds and dismissed without prejudice Cooper's claims against Tonya Wesner, Haley Bassuener, Jesse Laning, Jesse Hosfelt, and Gwendolyn Vick. Dkt. No. 122. That same day, Cooper filed a motion to join John Doe Defendants and a motion for a preliminary injunction. Dkt. Nos. 125, 126. On August 27, 2025, he filed a motion to alter/amend the Court's dismissal without prejudice of his claims against Wesner, Bassuener, Laning, Hosfelt, and Vick and a motion to stay proceedings so he can pursue an interlocutory review of the Court's decision. Dkt. Nos. 123-126. The Court will deny the motions.

As to Cooper's motion to alter or amend, Cooper asserts that the Court ignored his argument that the institution complaint examiner improperly rejected his inmate complaint as untimely because the violation of his rights was ongoing and because he was unable to submit an inmate complaint while he was in the hospital. Cooper misunderstands the basis of the Court's

decision. The Court did not conclude that he failed to exhaust the administrative remedies because he failed to timely submit an inmate complaint. The Court concluded that he failed to exhaust the administrative remedies because, *even assuming the inmate complaint he submitted was timely*, the inmate complaint did not provide the prison with adequate notice of the claims he is pursuing in this case. *See* Dkt. No. 122 at 5-6. Because Cooper provides no basis for the Court to reconsider its decision, it will deny his motion to alter or amend.

The Court will also deny his motion to stay the action so that he may pursue an interlocutory appeal. A party may appeal a non-final order only in rare situations. Section 1292(b) provides, in part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. §1292. To be entitled to the relief he seeks, Cooper must therefore demonstrate both that there is substantial ground for a difference of opinion about a controlling question of law and that the appeal will materially advance the litigation. He has not shown either. Accordingly, Cooper may appeal the Court's decision to grant summary judgment on exhaustion grounds for Wesner, Bassuener, Laning, Hosfelt, and Vick only after the Court enters final judgment against all parties.

The Court will also deny Cooper's motion to "join" John Doe Defendants. A plaintiff cannot join parties and claims to a complaint. He must file an amended complaint that includes all of his allegations against all of the defendants he wants to sue, and he must do so consistent with the requirements in Civil L. R. 15, which requires a plaintiff to file a motion identifying every difference between the operative complaint and the proposed amended complaint and to attach the

proposed amended complaint as an exhibit. The Court advises Cooper that it will not allow him to amend his complaint simply to add numerous John Doe Defendants. As Judge James D. Peterson ordered on February 11, 2025, Cooper must first identify through discovery whether there is an insurance company that will provide coverage for the Defendants' alleged negligence *before* he moves to amend his complaint.

Finally, the Court will deny Cooper's motion for a preliminary injunction. Cooper asks the Court to order that he have "more access to health care, showers, clean linen, towels and bedding." In the context of prisoner litigation, the scope of the Court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The relief Cooper requests is far too broad. The Court does not have the authority, the expertise, or the capacity to micromanage the day-to-day decisions that medical staff and corrections staff make to provide him with treatment and supplies. If Cooper is dissatisfied with the care he is receiving, he is encouraged to raise his concerns informally to supervisory staff and formally through the inmate complaint review system. If his concerns are not addressed to his liking and he believes the quality of the treatment he is receiving runs afoul of the Constitution, he may pursue a lawsuit after he fully exhausts the administrative remedies. Cooper is reminded that

3

his disagreement with a provider's decision is not sufficient on its own to state a claim under the Eighth Amendment. *See Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (holding that "there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field"); *see also Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement.").

**IT IS THEREFORE ORDERED** that Cooper's motion to join John Doe Defendants (Dkt. No. 125), his motion for a preliminary injunction (Dkt. No. 126), his motion to alter/amend (Dkt. No. 123), and his motion for interlocutory review and to stay the proceedings (Dkt. No. 124) are **DENIED**.

Dated at Green Bay, Wisconsin on August 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge