UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                       Case No. 25-cv-0983-bbc

KERRY KUFFENKAN et al.,

                Defendants.

---

## DECISION AND ORDER

---

Demetrius Cooper is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. §1983 case. He is proceeding on claims in connection with the care he received (or did not receive) following gallbladder surgery. On September 15, 2025, Cooper filed three motions: 1) a motion to appoint a neutral expert; 2) a motion for an order to meet and confer; and 3) a motion for reconsideration of the order denying Cooper's motion to compel the production of his medical records. On October 14, 2025, Cooper filed a motion for judicial notice of adjudicative facts or for reconsideration of the order granting Defendants' motion for partial summary judgment on exhaustion grounds. The Court will address each motion in turn.

**1. Motion to Appoint Neutral Expert Witness**

As noted, Cooper is proceeding on claims in connection with the medical care he received (or did not receive) following gallbladder surgery. He explains that immediately upon waking up after surgery, he knew something was wrong because he was experiencing severe pain. He further asserts that, for weeks, his cries for help were persistently ignored. He states that, as a result of Defendants' alleged misconduct, two additional emergency surgeries were required. According to Cooper, an expert will be needed to explain Cooper's condition and describe how Defendants' response to his condition deviated from the standard of care.

The appointment of a neutral expert is rare. A court may appoint an expert to help sort through conflicting evidence, *see* Fed. R. Evid. 706(a); *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997), but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson, *see ATA Airlines, Inc. v. Federal Express Corp*., 665 F.3d 882, 889 (7th Cir. 2011); *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004). It is clear from Cooper's motion that he seeks an expert only to advance his own case, not to assist the Court in understanding evidence. Because that is not a permissible purpose for a neutral expert under Rule 706, the Court will deny the motion. *See Martin v. Redden*, 34 F.4th 564, 569 (7th Cir. 2022).

Also, it is worth highlighting Cooper's concern that he may not survive summary judgment on his medical malpractice claims because he cannot afford to hire an expert. This is a reality for many litigants, incarcerated or not. And while it is not uncommon for a litigant to ask that an expert be hired to help him prove his claim, it has long been held that a neutral expert should be hired by the court to aid the court, not the party seeking appointment. *See, e.g., Martin*, 34 F.4th at 569. The financial burdens of litigation are not alleviated merely because a litigant is incarcerated. Indigency alone does not require the Court to subsidize a prisoner plaintiff's litigation. *See* 28 U.S.C. §1915; *see, e.g., Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

**2. Motion for an Order to Meet and Confer**

Cooper also filed a motion asking the Court to order Defendants to meet and confer with him pursuant to Fed. R. Civ. P. 26(f) "before [he] seek[s] another motion to compel." The Court will deny the motion because Fed. R. Civ. P. 26(f) does not apply to cases such as this one, which is "a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." *See* Fed. R. Civ. P. 26(f); Fed. R. Civ. P. 26(a)(1)(B)(iv).

Cooper may file a motion to compel if he has been unable to resolve his concerns about Defendants' responses to his discovery requests. However, if he does so, he is cautioned to closely review the Court's August 25, 2025, order denying his first motion to compel. In that order, the

2

Court highlighted that Cooper's motion to compel was too vague for the Court to assess whether Defendant's objections were "boilerplate" as characterized by Cooper or whether they were "good-faith objections" as characterized by the Defendant.  The Court encouraged Cooper to confer with Defendant's lawyer about his specific concerns and to revise his requests to account for appropriate objections.  Cooper's recently filed motions are silent as to this portion of the Court's order so it is unclear whether he has complied with that guidance.  If Cooper chooses to file a second motion to compel, the must contain the following: (1) the specific discovery request that Cooper believes has not been adequately answered, (2) Defendant's response and/or objection to the request, and (3) an explanation of why Cooper believes the answer/objection is inadequate.  Vague and unsupported accusations of inadequate responses will not be insufficient.

**3. Motion for Reconsideration of the Order Denying Cooper's Motion to Compel Bauersfeld to Provide Free Copies of Cooper's Medical Records**

On August 25, 2025, the Court denied Cooper's motion asking that Defendant Shelli Bauersfeld be ordered to provide him with free copies of his medical records.  The Court noted that it is not Bauersfeld's responsibility to subsidize Cooper's case against her.  Cooper clarifies that the medical records he seeks are not in his prison medical file, so he cannot view them for free at the health services unit.  He further asserts that he will not be able to prosecute his claims without these records.

Fed. R. Civ. P. 26(b)(1) states that "Parties May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the party's relative access to relevant information."  Cooper has yet to explain why he is reliant on Bauersfeld to provide him with copies of his own medical records from U.W. Madison Hospital, St. Agnes Hospital, and Waupun Memorial Hospital.  Cooper apparently signed an authorization for the release of his records, which Bauersfeld then used to request copies of the records from those entities.  But Cooper has not explained why Bauersfeld

should bear the burden and expense of producing these records when Cooper can obtain them by contacting these entities directly. The Court will therefore deny his motion for reconsideration. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("a prisoner has no constitutional entitlement to subsidy to prosecute a civil case; like any other civil litigant, he must decide which of his legal actions is important enough to fund").

### 4. Motion for Judicial Notice of Adjudicative Facts and/or Motion for Reconsideration

On October 14, 2025, Cooper filed a motion asking the Court to take judicial notice of nine facts that he asserts are not subject to reasonable dispute. He also seeks "the opportunity to be heard" regarding his belief that the Court erred when it granted Defendants Tonya Wesner, Haley Bassuener, Jesse Hosfelt, Jesse Laning, and Gwendolyn Vick's motion for summary judgment on exhaustion grounds. According to Cooper, the Court never entertained his arguments that the administrative remedies were unavailable. Dkt. No. 147.

The Court will deny the motion. First, it is unclear why or for what purpose Cooper wants the Court to take judicial notice of these proposed facts. It appears that he wishes to use them to support his claims against Wesner, Bassuener, Hosfelt, Laning, and Vick, but those claims have been dismissed. Moreover, under Fed. R. Evid. 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Cooper is the source of much of the information on which he asks the Court to take judicial. *See, e.g.,* Dkt. No. 147 at ¶9 ("Cooper begged for medical help from 9/26/23 through 10/16/23."). Because Defendants can reasonably question the accuracy of the information r on which Cooper wants the Court to take judicial notice, these purported facts are not the type of information that is appropriate for judicial notice. To the extent he wants to a rely on one of these purported facts in response to a motion for summary judgment, he may include them in an unsworn declaration and/or cite to relevant documents.

Finally, Cooper has already asked the Court to reconsider its decision granting summary judgment in favor of Wesner, Bassuener, Hosfelt, Laning, and Vick based on his failure to exhaust the available administrative remedies. *See* Dkt. No. 123. As previously explained, "The Court did not conclude that [Cooper] failed to exhaust the administrative remedies because he failed to timely submit an inmate complaint. The Court concluded that he failed to exhaust the administrative remedies because, *even assuming the inmate complaint he submitted was timely*, the inmate complaint did not provide the prison with adequate notice of the claims he is pursuing in this case. *See* Dkt. No. 122 at 5-6." Dkt. No. 128 at 2. In short, the Court considered Cooper's arguments in both its original decision and in its decision denying his first motion for reconsideration.

**IT IS THEREFORE ORDERED** that Cooper's motion to appoint a neutral expert witness (Dkt. No. 133), his motion for a meet-and-confer order (Dkt. No. 134), and his motions for reconsideration (Dkt. Nos. 135, 147) are **DENIED**.

Dated at Green Bay, Wisconsin on October 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge