UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                     Case No. 25-cv-0983-bbc

KERRY KUFFENKAN et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Demetrius Cooper is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. §1983 case. He is proceeding on claims in connection with the care he received following gallbladder surgery more than two years ago while housed at Waupun Correctional Institution. *See* Dkt. No. 22. Cooper has filed ten motions and two letters since October 31, 2025. *See* Dkt. Nos. 150, 155, 156, 157, 158, 163, 164, 166, 167, 168, 169, 170. Many of these motions are premature, address the same or closely related issues, or raise issues that have already been decided by the Court. Before addressing the motions, the Court advises Cooper that unnecessary motion practice wastes the time and resources of the Court and delays resolution of the issues that are properly before the Court.

**1. Cooper's Motions to Compel Discovery Responses (Dkt. Nos. 150, 156)**

      Cooper filed motions to compel Defendant Dr. Karen Reynolds and Defendant Nurse Shelli Bauersfeld's to respond to his discovery requests. He also expresses his frustration at not being able to get his medical records from Waupun Memorial Hospital (which is a Defendant in this action) and St. Agnes Hospital. He states that he has written both hospitals, but his requests for his records have been ignored.

On November 20, 2025, instead of responding to Cooper's motion to compel, Bauersfeld's lawyer filed a letter explaining that, contrary to Cooper's representations in his motion, Bauersfeld *had* responded to all of Cooper's interrogatories. Counsel further noted that he and Cooper spoke on November 13, 2025, to resolve the outstanding discovery concerns. Although Cooper believes more information could have been provided, it appears that he and Bauersfeld's counsel have addressed Cooper's concerns. *See* Dkt. No. 166. The Court will therefore deny as moot Cooper's motion to compel Bauersfeld to respond to his discovery requests.

Cooper continues to press his general request that Bauersfeld provide him with free copies of his medical records, a request that the Court already denied. *See* Dkt. No. 122. Bauersfeld was a nurse at Waupun Correctional Institution. She is not the custodian of Cooper's medical records held by the Department of Corrections, St. Agnes Hospital, Waupun Memorial Hospital, or UW Madison Hospital, so she had to pay a production fee to those providers to get Cooper's records. On August 11, 2025, Bauersfeld's counsel explained that he had mailed Cooper a letter acknowledging his request for the records and advising him of the applicable per-page reproduction fee. Although counsel expressed that Cooper should be held to the same method of medical record retrieval that Bauersfeld was held to, counsel offered to split the cost of the medical records with Cooper if he wanted to get them through Bauersfeld. Dkt. No. 114.

Cooper initially implied that he lacks the resources to pay for copies, but this position is belied by the fact that Cooper paid the full filing fee for this case and recently retained an expert witness at a rate of $400 per hour. The Court previously informed Cooper that he could get his own medical records directly from his providers, but it appears that his efforts to do so have been ignored. The Court acknowledges that Cooper needs his medical records to defend against motions for summary judgment. Accordingly, the Court encourages Bauersfeld's lawyer to again confer

2

Case 2:25-cv-00983-BBC    Filed 12/05/25    Page 2 of 7    Document 175

with Cooper regarding the medical records. Counsel may send an invoice to Cooper for the costs associated with copying the medical records and/or producing electronic copies on a thumb drive. The invoice should break out the costs per provider so Cooper can choose which records he wants, as it is unclear which records he still does not have.[1] As the Court previously noted, it is not Bauersfeld's responsibility to subsidize Cooper's litigation costs, so Cooper must pay for any copies (paper or electronic) that he seeks to get from Bauersfeld. The Court trusts that counsel's prior offer to split the cost with Cooper remains open.

Of course, Cooper may get his Waupun Memorial Hospital medical records from Waupun Memorial Hospital, which is a Defendant in this action. Cooper asserts that he asked Dr. Reynolds to produce these records, but she refused on the ground that she is not the custodian of the records. Cooper expresses frustration that Dr. Reynold's lawyer did not produce the records given that he also represents Waupun Memorial Hospital. Rather than requesting the documents from Waupun Memorial Hospital as would have been proper and more efficient, Cooper opted to file a motion to compel against Dr. Reynolds. Dkt. No. 156. Dr. Reynolds has not yet responded to the motion, but in his December 1, 2025, letter, Cooper confirmed that he still has not received his Waupun Memorial Hospital medical records for the period of September 26, 2023, through February 1, 2024. *See* Dkt. No. 166. The Court *strongly* encourages counsel for Dr. Reynolds and Waupun Memorial Hospital to work with Cooper in good faith to ensure he has his medical records. As noted, unnecessary motion practice is a waste of time and resources, and it seems that this particular dispute can be easily resolved without the Court's intervention. The Court will wait for Dr. Reynolds' response to Cooper's motion to compel (Dkt. No. 156) before ruling on it, but the

---

[1] It appears that Cooper's expert witness has some, if not all, of his medical records, as she charged Cooper $7,200 for the eighteen hours she allegedly spent reviewing them (and then another $6,400 for the sixteen hours she allegedly spent *re*-reviewing them). *See* Dkt. No. 163-1 at 2. It is unclear whether Cooper provided the records to her or whether Cooper can request copies from her.

Court expects that, if they work together in good faith, the parties can resolve any disputes without the Court's involvement.

**2. Motions to Compel Witness Fees (Dkt. Nos. 163, 168)**

The Court will deny without prejudice Cooper's motion to recover fees for his expert's preparation for and attendance at a deposition. Dkt. Nos. 163, 168. It does not appear that Cooper has had any discussion with opposing counsel about these fees, including the reasonableness of his expert spending sixteen hours preparing for a deposition that had not yet been scheduled. Further, it appears that discussions regarding the deposition are ongoing as the information in Cooper's first motion is different than the information in his second motion, which he filed just two weeks later. It is unnecessary to involve the Court in routine and administrative matters such as the payment of fees before the parties reach an impasse. Cooper should be patient as he discusses this issue with opposing counsel and should refrain from cluttering the docket with unnecessary and premature motions, as doing so will only delay the resolution of matters that are properly before the Court.

The Court will resolve Cooper's motion for a protective order and/or to quash the subpoena (Dkt. No. 167) and his motion for an order that the deposition be taken by remote means (Dkt. No. 169) after Defendants have an opportunity to respond.

**3. Motion to Reconsider Appointment of Counsel (Dkt. No. 158)**

The Court will deny Cooper's renewed motion to appoint counsel, largely for the reasons explained in its August 25, 2025, decision. *See* Dkt. No. 122. As noted, Cooper's ability to advocate for himself far exceeds the capabilities of most prisoners. His research skills are excellent, his arguments are focused, and his reasoning is coherent and logical. Cooper references

PTSD, anxiety, depression, and limited memory loss, but none of these conditions have had any noticeable impact on his ability to prosecute his claims.

Indeed, Cooper does not argue that he lacks the capacity to litigate his claims on his own; instead, he argues that the Court should recruit a lawyer to represent him because he lacks the resources to hire a gastroenterologist as an expert witness. Cooper apparently assumes that a recruited lawyer would not only volunteer his time and talents but would also go out of pocket to hire an expert. Of course, Cooper's request ignores the reality that *all* litigants, incarcerated or not, must make difficult choices based on the financial resources available to them. If a represented litigant is unable to afford the expense of an expert and the litigant's lawyer believes it unlikely that he will recoup the cost of hiring an expert, then the litigant must proceed without an expert, even if the odds of prevailing would be significantly improved with an expert's involvement. The fact that Cooper is incarcerated does not free him from the consequences of this financial reality.

It is already difficult for the Court to recruit lawyers who are willing to volunteer their time and talents to represent prisoner plaintiffs who, unlike Cooper, do not have the capacity to represent themselves. Expecting that volunteer lawyers will also absorb the hefty financial burden of hiring an expert will make recruiting a volunteer lawyer nearly impossible. In short, Cooper's desire for some else to pay for an expert witness is not a sufficient basis for the Court to grant his motion to appoint counsel.

**4. Motion for Preliminary Injunction/TRO (Dkt. No. 170)**

On December 4, 2025, Cooper filed a motion that he be transferred to Dodge Correctional Institution for additional medical care. The Court will deny the motion for the reasons explained in its August 29, 2025, decision. *See* Dkt. No. 128. The medical care Cooper is currently receiving has no connection to the medical care he received more than two years ago while housed at a

5

Case 2:25-cv-00983-BBC    Filed 12/05/25    Page 5 of 7    Document 175

different institution. As the Court already explained, the Court does not have the authority, the expertise, or the capacity to micromanage the medical staff's day-to-day treatment decisions. If Cooper is dissatisfied with the care he is receiving, he is encouraged to raise his concerns informally to supervisory staff and formally through the inmate complaint review system. If his concerns are not addressed to his liking and he believes the quality of the treatment he is receiving runs afoul of the Constitution, he may pursue a lawsuit after he fully exhausts the administrative remedies. Cooper should not raise this issue again as it has now been addressed twice.

**5. Miscellaneous Motions**

Cooper's other motions can be resolved without much discussion. The Court will deny his motion for an order that Defendants fax their summary judgment materials to his institution. Dkt. No. 157. If Cooper does not timely receive the motions because of delays with the prison mail, he may file a motion to extend his deadline to respond. The Court also will deny his motion for an order to recover prejudgment interest. Dkt. No. 164. This motion is premature because there is no judgment. Should Cooper prevail and should damages be awarded, Cooper may renew his request at that time.

**IT IS THEREFORE ORDERED** that Cooper's motion to compel Bauersfeld to respond to his discovery requests (Dkt. No. 150) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Cooper's motion for an order to fax summary judgment documents (Dkt. No. 157), his motion to reconsider the appointment of counsel (Dkt. No. 158), and his motion for preliminary injunction/TRO (Dkt. No.170) are **DENIED**.

6

Case 2:25-cv-00983-BBC     Filed 12/05/25     Page 6 of 7     Document 175

**IT IS FURTHER ORDERED** that Cooper's motion for an order to recover prejudgment interest (Dkt. No. 164) and his motions to recover expert witness fees (Dkt. Nos. 163, 168) are **DENIED without prejudice** because they are premature.

Dated at Green Bay, Wisconsin on December 5, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge