UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

Plaintiff,

v. Case No. 25-CV-983

ERIN WENGER et al.,

Defendants.

---

**ORDER**

---

Plaintiff Demetrius Cooper is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On September 1, 2026, the Court granted Dr. Karen Reynolds, Waupun Memorial Hospital, Dr. Kerry Kuffenkam, and Dr. Syed Zafar's motions for summary judgment and denied Cooper's motion for partial summary judgment as well as Nurse Erin Wenger and Nurse Shelli Bauersfeld's motions for summary judgment. (ECF No. 300.) The Court granted Cooper's motion to appoint counsel and is making efforts to recruit a volunteer lawyer to represent Cooper at trial. (*See id.* at 34.) This matter comes before the Court on Cooper's motion to stay the deadlines to file a motion to alter and amend judgment and an interlocutory appeal until counsel is recruited in this case. (ECF No. 301.)

Cooper's motion will be denied as moot because there is no deadline to file a motion for reconsideration under Federal Rule of Civil Procedure 54 or an interlocutory appeal. In any event, in its September 1, 2026, decision and order, the Court found that, given the complexity of trying a case before a jury, including offering a coherent opening statement and closing argument, presenting and examining witnesses, and locating and introducing evidence, Cooper would benefit

from the assistance of counsel in the next stage of litigation. Therefore, the Court is attempting to recruit counsel to assist Cooper during the trial phase of this case. The Court is only attempting to recruit counsel for this limited purpose, not to assist Cooper in filing motions for reconsideration or interlocutory appeals. Cooper has vigorously advocated for himself, filing numerous motions and thoroughly responding to Defendants' motions. He has demonstrated that he has the ability to communicate with the Court and understand the issues and facts of this case. Cooper's ability to represent himself far exceeds that of the typical incarcerated individual, nearly all of whom have limited education and mental health challenges.

Finally, the Court notes that "[t]he general rule is that parties cannot immediately appeal interlocutory orders and must instead wait until the end of the case, when those orders merge into the final judgment and are reviewable on appeal from that judgment." *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 430 (2026) (internal quotation marks and citation omitted). In this case, the Court has not entered a final judgment dismissing all claims against all parties. Cooper will be obligated to pay the $605 filing fee for every appeal he files, even if it is dismissed for lack of jurisdiction because it was filed before final judgment was entered.

**IT IS THEREFORE ORDERED** that Cooper's motion to stay deadlines (ECF No. 301) is **DENIED as moot**.

Dated at Green Bay, Wisconsin on September 16, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge