UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

Plaintiff,

v. Case No. 25-CV-983

ERIN WENGER et al.,

Defendants.

---

**ORDER**

---

Plaintiff Demetrius Cooper is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. As relevant here, Cooper is proceeding on an Eighth Amendment deliberate indifference claim and a state law negligence claim against Nurse Shelli Bauersfeld. On September 1, 2026, the Court denied Nurse Bauersfeld's motion for summary judgment. (ECF No. 300.) This matter comes before the Court on Nurse Bauersfeld's motion for reconsideration.

Nurse Bauersfeld's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Nurse Bauersfeld argues that the Court committed a manifest error of law in denying her motion for summary judgment. A manifest error is a "wholesale disregard, misapplication, or

failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). The motion for reconsideration will be denied. Essentially, Nurse Bauersfeld disagrees with the Court's analysis and conclusion. The Court has reviewed its decision and Nurse Bauersfeld's motion and concludes that there is no basis to alter the September 1, 2026, decision and order.

With respect to Cooper's Eighth Amendment claim, Nurse Bauersfeld argues that the Court failed to address whether Cooper presented evidence that she actually knew of, and consciously disregarded, a substantial risk of serious harm. However, in the Court's decision and order, the Court did address the subjective component of the deliberate indifference standard and determined that a reasonable jury could conclude that Nurse Bauersfeld was deliberately indifferent to Cooper's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The Court recognizes that Nurse Bauersfeld disputes Cooper's version of events, but at the summary judgment stage, the Court must accept Cooper's version of events as true. *See Cooper v. Dombeck*, No. 25-1686, 2026 WL 1412593, at *3 (7th Cir. May 20, 2026). Cooper asserts that Nurse Bauersfeld was deliberately indifferent when she forcefully flushed his IR drain on December 26, 2023, even though she knew that the doctor had discontinued the daily flushing order and that flushing the drain would cause him pain. According to Cooper, he begged Nurse Bauersfeld not to flush the drain because it caused extreme, unrelenting pain and asked her to review his medical chart to confirm that the flushing order had stopped. Nurse Bauersfeld told Cooper that she was the only medical professional in the room and did not need his advice. She then opened the valve to the drain and pushed the entire tube of saline into the drain. Cooper began screaming at the top of his lungs in pain. He dropped to the floor and curled into the fetal position. While Cooper was laying on the floor, Nurse Bauersfeld looked at Cooper's medical chart and

stated, "Oh you were correct, the order had been placed to stop flushing your drain. Oh well, it is what it is, now get out." Nurse Bauersfeld refused to treat Cooper's pain and ordered Cooper to be forcibly removed from the exam room. (ECF No. 280, ¶¶ 61–68.) Accepting Cooper's version of events as true, there is sufficient evidence from which a jury could reasonably conclude that Nurse Bauersfeld was aware that Cooper faced a substantial risk of serious harm but disregarded the risk by consciously failing to take reasonable measures to address it.

As for Cooper's state law negligence claim, Nurse Bauersfeld argues that the Court erred in applying the common-knowledge exception and concluding that Cooper did not need expert testimony to establish the nursing standard of care. Under Wisconsin law, no expert testimony is needed to establish medical negligence where "the situation is one where the common knowledge of laymen affords a basis for finding negligence." *Wilson v. Adams*, 901 F.3d 816, 823 (7th Cir. 2018) (quoting *Christianson v. Downs*, 90 Wis. 2d 332, 279 N.W.2d 918, 921 (1979)).

Nurse Bauersfeld asserts that expert testimony is required to determine whether her drain-care judgment met the professional nursing standard. Yet, as the Court explained, accepting Cooper's version of events as true, Nurse Bauersfeld made a deliberate choice to flush Cooper's IR drain with ten cubic centimeters of saline, even though he told her that the flush order had been discontinued and that flushing the drain caused him extreme, unrelenting pain. Nurse Bauersfeld did not review Cooper's medical chart before flushing the drain. After she flushed the drain, Cooper showed signs of extreme pain, but Nurse Bauersfeld refused to treat him and ordered him returned to his cell. Without expert testimony, a layperson can appreciate or understand that flushing an IR drain with fluids in the face of an order directing nurses not to flush the drain, while knowing that flushing the drain will cause extreme, unrelenting pain, and that refusing to make

any effort to address significant pain does not meet the standard of care. Accordingly, the Court did not err in denying Nurse Bauersfeld's motion for summary judgment on this basis.

For these reasons, Nurse Bauersfeld's motion for reconsideration (ECF No. 302) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin on September 16, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge