UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS COOPER,

Plaintiff,

v. Case No. 25-CV-983

ERIN WENGER et al.,

Defendants.

# ORDER

Plaintiff Demetrius Cooper is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. As relevant here, Cooper is proceeding on an Eighth Amendment deliberate indifference claim against Nurse Erin Wenger. This matter comes before the Court on Cooper's motion for reconsideration.

Cooper's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Cooper argues that the Court committed a manifest error of law in dismissing his state law negligence claim against her because Cooper did not file a notice of claim related to Nurse Wenger in accordance with Wis. Stat. § 893.82(3). (ECF No. 300 at 31–32.) A manifest error is a

"wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Cooper asserts that he is not proceeding on a negligence claim against Nurse Wenger; instead, he is proceeding on a medical malpractice claim. Cooper argues that because he is proceeding on a medical malpractice claim, the notice of claim provision in Wis. Stat. § 893.82 does not apply. Yet, Cooper was not permitted to proceed on a malpractice claim against Nurse Wenger. In the December 17, 2024, screening order, the United States District Court for the Western District of Wisconsin allowed Cooper to proceed on a medical negligence claim. (ECF No. 22 at 9.) That is because Nurse Wenger is not amenable to a medical malpractice claim in Wisconsin since she is not a "health care provider" under Wisconsin's medical malpractice statutes. *See* Wis. Stat. §§ 655.001–655.002. As a result, Cooper could only proceed on a common law negligence claim against Nurse Wenger. The Court has reviewed its September 1, 2026, decision and Cooper's motion and concludes that there is no basis to alter the decision.

**IT IS THEREFORE ORDERED** that Cooper's motion for reconsideration (ECF No. 305) is **DENIED**.

Dated at Green Bay, Wisconsin on October 8, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge